**UNITED STATES of America, Plaintiff,**

v.

**James MUTH, Defendant.**

**No. 1:89:CR:178.**

United States District Court, W.D. Michigan.

Feb. 18, 1993.

John A. Smietanka, Mark V. Courtade, Office of U.S. Atty., Grand Rapids, MI, for plaintiff.

Robert Stone, Sullivan Stone Sullivan LaJoie & Thacker, Vero Beach, FL, for defendant.

## OPINION

ENSLEN, District Judge.

This matter is before the Court on the government's second motion to reduce Mr. Muth's sentence pursuant to Fed.R.Crim.P. 35(b). Mr. Muth pled guilty to a one count information which charged conspiracy to distribute more than 100 kilograms of marijuana on May 16, 1990. On December 21, 1990, this Court granted the government's first Rule 35 motion, and reduced Mr. Muth's sentence from 10 to 7 years incarceration.

The government now asks the Court to consider a second Rule 35 motion for Mr. Muth. At the time the original motion was filed and decided, Rule 35 required that the motion be filed within 120 days. Effective December 1, 1991, Rule 35 was amended to allow the government to make a motion to

reduce sentence more than one year after the imposition of sentence when the defendant's substantial assistance involves information or evidence not known by the defendant until after the jurisdictional time limit has passed.[1] Therefore, the government's second motion for a reduction of sentence is timely and this Court has jurisdiction over this request.

*The Propriety of Multiple Rule 35 Motions*

 In response to the government's motion, I first asked it to brief the question of whether or not a court may entertain two or more Rule 35 motions for the same defendant. Both my research and that of the government indicate that this is a case of first impression.

Review of the Advisory Committee Notes concerning the amendment sheds no light on the issue, for there is no evidence that the Supreme Court or the Advisory Committee considered whether or not the amendment would allow (or bar) multiple Rule 35 motions filed on behalf of the same defendant. However, the Notes do indicate that a major policy consideration driving the amendment was the belief that both the defendant and government should have the opportunity to benefit from cooperation which cannot be completed (or begun) within the original 120 day time limit. As the Committee stated:

> The amendment also recognizes that there may be those cases where the defendant's assistance or cooperation may not occur until after one year has elapsed. For example, the defendant may not have obtained information useful to the government until after the time limit had passed. In those instances the trial court in its discretion may con-

sider what would otherwise be an untimely motion if the government establishes that the cooperation could not have been furnished within the one-year time limit. In deciding whether to consider an untimely motion, the court may, for example, consider whether the assistance was provided as early as possible.

*Judicial Conference of the United States Advisory Committee Notes Accompanying a Communication for the Chief Justice of the United States transmitting Amendments to the Federal Rules of Criminal Procedure as adopted by the Court, Pursuant to 28 U.S.C. 2072* (April 30, 1991) at pages numbered both 23–24 and 7–8. Therefore, I believe that there is a powerful argument in support of the position that a court's refusal to consider a second Rule 35 motion based on new evidence or new cooperation would thwart the goals of the drafters in enacting this amendment.

Furthermore, as the government in this case correctly points out, permitting the government to bring multiple motions for reduction of sentence below the statutory minimum is not without precedent. Current practice allows the government to first bring a motion at sentencing for a reduction due to substantial assistance pursuant to U.S.S.G. § 5K1.1, and secondly, a Rule 35 motion.

Although this situation is certainly a helpful analogue to the one at bar, it is finite—there is only opportunity for two motions. The problem with permitting multiple Rule 35 motions is the fact that there is seemingly no ceiling on the total number the government could bring. If I allow two Rule 35 motions, why not three? Four? How about five and more, particu-

---

1. The text of Rule 35(b) states:

 **(b) Reduction of Sentence for Changed Circumstances. [Effective on Dec. 1, 1991. See also, sub. (b) above.]** The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to sec-

 tion 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence. The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.

larly in the case of individuals who are incarcerated for extremely long periods of time? While I believe that consideration of multiple Rule 35 motions is the result which is most consistent with the intent of the drafters of the amended Rule 35, an administrative concern about a deluge of motions is one that those of us who implement these policies must consider.

I don't think that it would be appropriate for me to state a magic number, beyond which this Court will no longer consider Rule 35 motions. However, the burden is on the government to demonstrate why the motions could not have been consolidated, and that the assistance came as early as possible. Perhaps with its new ability to file Rule 35 motions throughout the period of incarceration, the government will consider deferring filing in cases in which it appears that more assistance might be forthcoming in the remainder of the prisoner's sentence.

*Consideration of Mr. Muth's Assistance*

█ Now that I have determined that it is appropriate for me to review a second Rule 35 motion, I turn to the motion at hand. The government assures the Court that the cooperation of the defendant has been (and is being) provided "as early as possible" after sentencing. The government further avers that the present motion is based upon cooperation actually provided after the first Rule 35 motion was granted. This cooperation, which is detailed in the government's two briefs, involves testimony in one case, and Mr. Muth has agreed to testify in three other cases which are scheduled to be tried in April. Mr. Muth has contributed information to two investigations, and in one case, the information he divulged was "instrumental" in obtaining an indictment. Finally, the government states that Mr. Muth's assistance helped the government reach a plea agreement with one defendant. For this assistance, the government recommends a reduction of up to two years.

I believe that Mr. Muth's assistance is properly characterized as "substantial". On the basis of the assistance described in the government's briefs, pursuant to Rule

35(b), Mr. Muth's sentence shall be reduced two years. His total sentence is now five years.

